HEANEY, Circuit Judge,
dissenting.
HEANEY, Circuit Judge.
I respectfully dissent. I believe the majority, like the district court and the state postconviction court, glosses over Washington’s properly-exhausted claim that counsel failed to inform him of his constitutional right to decide for himself whether to testify in his own defense.
A criminal defendant has the “ultimate authority to make certain fundamental decisions regarding the case, [including] whether to ... testify in his or her own behalf.” Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). In both his state-court postconviction motion (Respondent’s Ex. C at 13) and his federal habeas petition (R. at 7), Washington claimed counsel was ineffective for failing to inform him of that right. I find nothing in Washington’s testimony at the state-court evidentiary hearing[3] or in counsel’s testimony at the same hearing that contradicts this assertion. I also note that while Washington was convicted as a prior and persistent offender, the predicate convictions were both obtained by guilty plea (Respondent’s Ex. A Vol. II at 391-94), and Washington may well have had no previous occasion to be informed of his right to take the stand.
Finally, I disagree with the majority’s conclusion that Washington could not have suffered prejudice because his testimony in his own defense would be cumulative. “The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.” Green v. United States, 365 U.S. 301, 304, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). I would therefore remand to the district court for further inquiry into the factual basis for his claim.

. The State, in its brief, mischaracterizes Washington's testimony, contending that his theory at the post-conviction evidentiary hearing "was that he was aware of his right to testify but trial counsel did not let him testify," and cites to the portion of hearing transcript quoted by the majority. (Appellees’ Br. at 11.) I fail to understand how Washington’s hearing testimony in any way concedes his awareness of his right to ignore counsel's advice about taking the stand.